**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-40868
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GILBERTO ROMERO-ADAME,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-97-CR-255-1
- - - - - - - - - -

June 28, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Gilberto Romero-Adame argues that the evidence was insufficient to support his convictions for conspiracy and for possession with intent to distribute heroin. Viewing the evidence in the light most favorable to the jury's verdict, it showed that Romero directed the manner in which two loads of heroin were to be distributed to an undercover agent by his coconspirators. The evidence did not show a mere buyer-seller relationship between Romero and his coconspirators. A rational trier of fact could have

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

found Romero guilty of the charges beyond a reasonable doubt. United States v. Pena-Rodriquez, 110 F.3d 1120, 1123 (5th Cir. 1997); United States v. Casel, 995 F.2d 1299, 1306 (5th Cir. 1993).

Romero argues that there was a fatal variance between the indictment and the evidence presented at trial because the indictment charged a single conspiracy and multiple conspiracies were proved at trial. Assuming that the evidence showed the existence of multiple conspiracies, Romero failed to show that the introduction of such evidence deprived him of a fair trial. The evidence concerning a sale of heroin that was not supplied by Romero was not complex and did not result in the transference of the guilt of a codefendant to Romero. Romero has failed to show that the limited variance between the indictment and the evidence presented affected his substantial rights. Therefore, this claim has no merit. Pena-Rodriquez, 110 F.3d at 1126-28.

Romero argues that the district court clearly erred in increasing his offense level for the obstruction of justice based on his failure to disclose foreign convictions. There was reliable evidence in the presentence report and the record that Romero was specifically questioned about his past arrests and convictions in the United States and Mexico, and Romero willfully failed to disclose material information to the probation officer. Therefore, the district court did not clearly err in imposing the adjustment for obstruction of justice. See United States v. Tello, 9 F.3d 1119, 1122-23 (5th Cir. 1993); U.S.S.G. § 3C1.1 comment,(n.4(d)(h)).

Romero argues that the district court erred in considering his foreign convictions in determining his sentence. Even if Romero did not waive this issue, he failed to raise the objection in the district court and, thus, the issue is subject to plain error review. The district court did not misapply the guidelines in considering the foreign convictions at sentencing. See U.S.S.G. §§ 4A1.2(h), 4A1.3, p.s. Further, Romero's substantial rights were not affected by such consideration and, thus, it did not constitute plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

AFFIRMED.